UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Lesa M. Young, Individually and as Special Administrator of the Estate of David R. Young, deceased,<br><br>            Plaintiff,<br><br>    v.<br><br>AbbVie Inc., and Abbott Laboratories, Inc., Jane Doe Distributors (1-50), John Doe Drug Company Defendants (1-50), Jane Doe Drug Distributor Defendants (1-50), Jim Doe Doe Health Care Providers (1-50), Jill Doe (1-50).<br><br>            Defendants. | Case Number. 1:14-cv-2829 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C § 1441, named Defendants AbbVie Inc. and Abbott Laboratories hereby remove this action, *Young v. AbbVie, Inc. et al.*, Case No. 2014-L-004407, Circuit Court for Cook County, Illinois, to the Northern District of Illinois. In support, Defendants state as follows:

### Background Facts

1. On April 18, 2014, Plaintiff filed a wrongful death action against AbbVie, Abbott, and several "Doe" Defendants in the Circuit Court of Cook County, Illinois. The Complaint, which Defendants pulled from court records (it has not been served, as set forth *infra*), is attached hereto as Exhibit A.

2. The plaintiff, the administrator of the estate of David R. Young, alleges state law tort claims for wrongful death based on strict liability, negligence, breach of express and implied warranties, fraud, and negligent misrepresentation.

## Jurisdiction and Basis for Removal

3. This Notice of Removal is timely, as Abbott and AbbVie have not been served with the Complaint.

4. Subject matter jurisdiction is proper under 28 U.S.C. § 1332:

   A. AbbVie and Abbott are Delaware corporations with their principal places of business in Illinois.

   B. The decedent was a citizen of Pennsylvania at the time of his passing. *See* Ex. B (judicially noticeable Pennsylvania obituary for David R. Young). Accordingly, Plaintiff "shall be deemed" a citizen of North Carolina for purposes of this action. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").

   C. The naming of "Doe" Defendants does not defeat the jurisdiction for removal purposes. *See Howell v. Tribune Entertainment Co.*, 106 F. 3d 215, 218 (7th Cir.1997) ("And naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs.").

   D. The amount in controversy exceeds $75,000. The Complaint alleges damages "in excess of $50,000," but alleges a death. Such allegations of bodily injury are sufficient to reasonably support an amount in controversy over $75,000. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F. 3d 510, 515 (7th Cir. 2006) (finding plea for more than $50,000 and allegations of serious and multifaceted injury satisfied jurisdictional requirement); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F. 3d 813, 816 (7th Cir. 2006) (finding that medical expenses and lost earnings of $45,000 with a "modest allowance for pain, suffering, and future losses ... brings the total over the threshold").

5. AbbVie and Abbott have not been served with the Complaint or with service of process. Accordingly, 28 U.S.C. § 1441(b) does not preclude the removal. Section 1441(b) provides in relevant part that actions premised on the Court's diversity jurisdiction "may not be removed if any of the parties in interest properly joined ***and served*** as defendants is a citizen of the State in which such action brought." 28 U.S.C. § 1441(b) (emphasis added). The fact that they are Illinois citizens does not affect their ability to remove this case because they have not

been served. *In re Fosamax Prod. Liability Lit.*, 2008 WL 2940560, at *5 (S.D.N.Y.) (denying motion to remand because "the plain language of section 1441(b) allows removal unless an in-state defendant has been 'properly joined ***and served***'") (emphasis in original); *Yocham v. Novartis Pharmaceuticals Corp.*, 2007 WL 2318493, at 3 (D.N.J.) ("Here, at the time NPC removed this case to this Court (April 17, 2007), NPC had yet to be served (April 30, 2007). Consequently, under the plain reading of § 1441(b), removal was not prohibited because NPC (a resident of the forum state) had not been served when it removed this case to this Court.").

6. Pursuant to 28 USC § 1446(a), this Court is the appropriate place to file this Notice of Removal because this Court is the United States District Court for the district and division in which the State Court Action is pending.

7. Written notice hereof is being provided to Plaintiff and a copy of this Notice of Removal is being filed contemporaneously with the Circuit Court for Cook County in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, AbbVie and Abbott respectfully request that this action be removed as set forth above.

Dated: April 21, 2014        Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Scott P. Glauberman*
    Scott P. Glauberman
    Thomas J. Frederick
    James F. Hurst
    Bryna Dahlin
    **WINSTON & STRAWN LLP**
    35 West Wacker Drive
    Chicago, Illinois 60601
    Tel: (312) 558-5600
    Fax: (312) 558-5700

sglauberman@winston.com
tfrederick@winston.com
jhurst@winston.com
bdahlin@winston.com

*Attorneys for AbbVie Inc. and Abbott*

# **CERTIFICATE OF SERVICE**

I, Scott P. Glauberman, hereby certify that on April 21, 2014 the foregoing document was filed via the Court's CM/ECF system, and also sent via U.S. mail to counsel for the Plaintiff:

>Gary D. McCallister
>Gary D. McCallister & Associates, LLC
>120 N. LaSalle Street, Suite 2800
>Chicago, IL 60602
>(312) 345-0611
>Firm No. 34288
>
>Fleming, Nolen & Jez, L.L.P.
>George M. Fleming (*Pro Hac Vice* Pending)
>Rand P. Nolen (*Pro Hac Vice* Pending)
>2800 Post Oak, Blvd., Suite 4000
>Houston, Texas 77056-6109
>(713) 621-7944

*/s/ Scott P. Glauberman*
Scott P. Glauberman